UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| TONY PARKS,<br><br>                Plaintiff,<br><br>      v.<br><br>**GIANT FOOD STORE et al.**,<br><br>                Defendants. | Case No. 1:21-cv-02765 (TNM) |

**MEMORANDUM OPINION**

Proceeding *pro se*, Plaintiff Tony Parks asserts claims of discrimination, retaliation, and breach of contract against Giant and various Giant employees. Giant moved to dismiss, *see* ECF No. 17, and this Court granted the motion for all but two claims: (1) retaliatory hostile work environment under Title VII of the Civil Rights Act of 1964 ("Title VII") and (2) breach of contract, *see* Mem. Order, ECF No. 22. At that time, Parks had not served any of the individual defendants. Parks later filed a Return of Service for Defendant Joe Carter, ECF No. 31, and this Court held in abeyance the Marshals Service's duty to serve the remaining individual defendants, *see* Min. Order, August 31, 2022. Carter now moves to dismiss the claims against him. *See* Mot. To Dismiss, ECF No. 33 (MTD). Because Title VII does not create liability for individuals, and because Carter is not a party to the relevant contract, the Court will grant the motion to dismiss. For the same reasons, the Court will *sua sponte* dismiss the amended complaint against the unserved defendants.

**I.**

To survive a motion to dismiss under Rule 12(b)(6), a complaint must contain sufficient factual allegations that, if true, "state a claim to relief that is plausible on its face." *Bell Atl.*

*Corp. v. Twombly*, 550 U.S. 544, 570 (2007). A claim is facially plausible when the pleaded factual content "allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). And courts must accept plaintiffs' factual allegations as true and grant in their favor "all inferences that can be derived from the facts alleged." *L. Xia v. Tillerson*, 865 F.3d 643, 649 (D.C. Cir. 2017) (cleaned up). The Court considers "only the facts alleged in the complaint, any documents either attached to or incorporated in the complaint[,] and matters of which [it] may take judicial notice." *Hurd v. District of Columbia*, 864 F.3d 671, 678 (D.C. Cir. 2017).

Because Parks proceeds *pro se*, the Court "liberally construe[s]" his filings and holds his complaint "to less stringent standards than formal pleadings drafted by lawyers." *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (cleaned up). And courts assess a *pro se* complaint "in light of all filings, including filings responsive to a motion to dismiss." *Brown v. Whole Foods Mkt. Grp., Inc.*, 789 F.3d 146, 152 (D.C. Cir. 2015). But *pro se* plaintiffs still must still adequately plead their complaint consistent with the principles set forth in *Iqbal* and *Twombly*. *See Atherton v. D.C. Off. of Mayor*, 567 F.3d 672, 681–82 (D.C. Cir. 2009).

**II.**

First up are Parks's religious discrimination and retaliation claims. The Court agrees that it must dismiss these claims against Carter because he cannot be personally liable under Title VII. Although an individual employee may be named as a defendant in a Title VII action, "that employee must be viewed as being sued in his capacity as the agent of the employer, *who is alone liable for a violation of Title VII*." *Gary v. Long*, 59 F.3d 1391, 1399 (D.C. Cir. 1995) (emphasis added); *see also Yesudian v. Howard Univ.*, 270 F.3d 969, 972 (D.C. Cir. 2001) ("all

2

. . . circuits have held that the word 'employer' does not cover a supervisor in his personal capacity" (citations omitted)).

Thus, when a plaintiff joins a supervisory employee in a Title VII action, the claims against that employee "essentially merge[]" with the claims against the employer so that the former must be dismissed. *Gary*, 59 F.3d at 1399. As a result, the Court will dismiss Parks's Title VII claims against Carter with prejudice. *See Thomas v. Wash. Metro. Area Transit Auth.*, 305 F. Supp. 3d 77, 87 n.4 (D.D.C. 2018) (dismissing with prejudice Title VII claims against employees sued in their personal capacities).

Parks also alleges age discrimination in violation of the Age Discrimination in Employment Act ("ADEA"), 29 U.S.C. §§ 621 *et seq*. But, like Title VII, "[t]he ADEA does not allow for suits against individuals in their personal capacities." *Thomas*, 305 F. Supp. 3d at 88 n.5; *see also Jones v. The Wash. Times*, 668 F. Supp. 2d 53, 58 (D.D.C. 2009) (dismissing ADEA claims against individual defendants because the statute does not provide for personal liability against individual defendants). The Court will thus dismiss Parks's ADEA claim against Carter with prejudice.[1] *See Thomas*, 305 F. Supp. 3d at 88 n.5.

### III.

Parks also brings a breach of contract claim against Carter. Parks alleges that a binding settlement agreement between him and Giant entitled him to two meetings with human resources directors, and that the second meeting never took place. *See* ECF No. 20 at 3. To prevail on a claim of breach of contract, Parks must prove, among other things, "a valid contract between the

---

[1] Even if Carter could be held personally liable under Title VII or the ADEA, Parks's discrimination claims and retaliation claims based on his denied promotion, reduction of his hours, and verbal outbursts from his supervisor still fail for the reasons set out in this Court's prior Order granting in part Giant's Motion to Dismiss. *See* Mem. Ord., ECF No. 22. This logic also extends to individual defendants Dichard and Martin.

parties." *Francis v. Rehman*, 110 A.3d 615, 620 (D.C. 2015) (quotations omitted).  But Carter is not a party to that agreement:  the agreement is unambiguously between Parks and Giant.  *See* Settlement Agreement at 6, ECF No. 7.  Indeed, Carter is not even mentioned in the agreement.  *See id.* at 6–14.  Thus, the Court will dismiss Parks's breach of contract claim against Carter with prejudice.  *See, e.g.*, *Greggs v. Autism Speaks, Inc.*, 935 F. Supp. 2d 9, 13 (D.D.C. 2013) (dismissing contract-based claim against defendant that was not a party to the agreement).

## IV.

Finally, the Court will dismiss the Amended Complaint against the remaining individual defendants, Maribel Dichard and Dione Martin.  This Court held in abeyance any duty of the Marshals Service to serve these individuals pending further order of the Court.  *See* Min. Order, August 31, 2022.  And this Court may dismiss a claim "prior to service, and without providing [plaintiff] with notice or an opportunity to respond" "'where the claimant cannot possibly win relief.'"  *Baker v. Dir., U.S. Parole Comm'n*, 916 F.2d 725, 726 (D.C. Cir. 1990) (per curiam) (quoting *Omar v. Sea-Land Service, Inc.*, 813 F.2d 986, 991 (9th Cir. 1987)).  In these circumstances, a *sua sponte* dismissal "is practical and fully consistent with plaintiffs' rights and the efficient use of judicial resources."  *Id.*

As with Carter, Defendants Dichard and Martin are not parties to the settlement agreement that forms the basis of Parks's breach of contract claim.  This claim necessarily fails.  *See, e.g.*, *Greggs*, 935 F. Supp. 2d at 13.  And, as explained above, there is no personal liability for individuals under Title VII, *Gary*, 59 F.3d at 1399, or the ADEA, *Thomas*, 305 F. Supp. 3d at 88 n.5.  So Parks "cannot possibly win relief" from Defendants Dichard and Martin, *Baker*, 916 F.2d at 726 (citation omitted), and the Court will dismiss his claims against them with prejudice.

## V.

Parks's true gripe is with his employer, Giant, not various co-workers. He asserts no cognizable claims against them. The Court will dismiss the Amended Complaint against Defendants Carter, Dichard, and Martin with prejudice. A separate Order will issue.

Dated: October 11, 2022                                TREVOR N. McFADDEN
                                                       United States District Judge